ROBERT M. THOMPSON v. JEWELL R. THOMPSON

No. 7523DC174

(Filed 2 July 1975)

Pleadings § 11; Rules of Civil Procedure § 13— treating answer as counterclaim

In an action in which plaintiff husband alleged that defendant wife fraudulently induced him to convey real property owned by him to plaintiff and defendants as tenants by the entirety wherein defendant alleged that plaintiff conveyed the property to himself and her so it could be used as collateral for a loan to remodel their house and that she repaid two-thirds of the loan from her own funds, the trial court did not err in allowing defendant's motion at pretrial conference to try the case on the theory that her answer stated a counterclaim for the amount she had expended from her own funds to repay the loan. G.S. 1A-1, Rule 13(b).

APPEAL by plaintiff from *Osborne, Judge.* Judgment entered 6 December 1974 in District Court, ALLEGHANY County. Argued in the Court of Appeals 27 May 1975.

Thompson v. Thompson

Plaintiff is the husband of defendant. The parties are now separated. Plaintiff commenced this action on 16 August 1974, alleging in his complaint that defendant fraudulently induced him to convey real property owned by him to plaintiff and defendant as tenants by the entirety. Defendant denied these allegations and answered that plaintiff conveyed the property to himself and her so that it could be used as collateral for a loan. The loan, for remodeling their house, was in the amount of $12,000.00, $8,000.00 of which defendant repaid from her own funds. At the pretrial conference defendant moved to try the case on the theory that her answer stated a counterclaim for the amount she had expended from her own funds to repay the loan, and her motion was granted.

The events surrounding the conveyance of the property occurred in 1966. Plaintiff was living in Alaska, where he worked for the United States Air Force. Defendant lived in Sparta. Plaintiff testified that defendant sent him a blank deed and asked him to sign it. She needed this done because "she could not secure the loan the way the original deed was written," and "it was necessary for (plaintiff) to sign another deed so she could get the money to complete the building." Plaintiff testified that "[n]othing at all was said about her name being put on the new deed, and I did not have any such understanding at the time I signed it." Plaintiff first found out that defendant had recorded the deed with plaintiff and herself as grantees in October, 1973.

Defendant testified that she did not send the deed "in blank" to plaintiff. An attorney for Watauga Savings and Loan had prepared the deed when it was mailed. Defendant had written to plaintiff, telling him that in order to get the loan he would have to convey the property to himself and her as tenants by the entirety. She testified that plaintiff wrote back that he was "perfectly agreeable" and "said that it was all right with him that the property was ours." Defendant worked while plaintiff was in Alaska and repaid over $8,000.00 of the loan. She testified that she "paid the greater part because I didn't depend on him for any payments. I never knew if he would send me any money or not." Plaintiff returned to Sparta in 1967.

The jury found that plaintiff executed the deed with the intention of creating an estate by the entirety between himself and defendant and that he did not act through mistake, inad-

vertance, or misrepresentation. Judgment was entered for the defendant, and the plaintiff appealed.

*Edmund I. Adams, for the plaintiff-appellant.*

*Worth B. Folger and Dan R. Murray, for the defendant-appellee.*

BROCK, Chief Judge.

Plaintiff presents four arguments for our consideration. His first argument challenges (1) the failure of the trial judge to strike defendant's allegations that she repaid a portion of the bank loan; (2) the judge's treating the defendant's answer as a counterclaim; and (3) the admission of evidence concerning defendant's repayment of the loan. The gist of plaintiff's argument is that these matters concerning defendant's repayment of the loan constitute a "new cause of action" having "no substantial relation to the controversy between the parties." This argument is feckless. The cases cited by plaintiff as authority for his argument were written long before the adoption of the North Carolina Rules of Civil Procedure and do not support his contentions. G.S. 1A-1, Rule 13(b) provides:

> "*Permissive counterclaim.*—A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

To further bolster his first argument, plaintiff asserts that he was "unfairly surprised" when the court allowed the defendant to inject her counterclaim into the case "in the middle of the trial." The record shows that the defendant's motion to treat her answer as a counterclaim was granted at the pretrial conference. Plaintiff had sufficient time to prepare a defense. In our opinion plaintiff's argument is wholly without merit.

Plaintiff's remaining arguments are directed to the instructions given by the trial judge to the jury. We have reviewed these instructions and find them to be adequate and fair. In our opinion plaintiff had a fair trial free from prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.